STATE OF NORTH CAROLINA  IN THE GENERAL COURT OF JUSTICE
                                SUPERIOR COURT DIVISION
SAMPSON COUNTY                  22 CVS 106

| | |
|---|---|
| JOSHUA D. AKERS, DEWAYNE BARBER, TIMOTHY L. BASS, JESSICA BYRD, JOSEPH BYRD, ANDY CABRERA, JULIAN B. CARR, DONALD CARTER, JERRY CASHWELL, JOSHUA DAVID, ALPHUS FANN, JOSUPH FRISCHMANN, CHRISTOPHER GODWIN, CRYSTAL GORE, DOYLE GRADY, CHRISTOPHER HARDISON, ANDREW HIGH, SCOTT HODGES, DUSTIN IRVIN, JAMES A. JONES, II, LORI C. MARINELLI, JACOB F. MATTHEWS, RHONDA D. MEDLIN, KEVIN PERRY, BRANDON R. POPE, ERIC POPE, LYNWOOD T. POPE, WILLIAM QUINN, RONIE T. ROBINSON, JR, DILLON SMITH, MARCUS SMITH, PATRICK A. SNELL, ROBERT STROUD, and HEATHE WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAMPSON, <br><br> Defendant | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

NOW COME Plaintiffs, by and through Counsel, and make this **COMPLAINT** to the Court as follows and in doing so show:

### PART I. PARTIES

1. That Plaintiff Joshua D. Akers is employed as a Deputy Sheriff III with the Sampson County Sheriff's Office ("SCSO"), has been employed with SCSO since December 2017, and resides in Sampson County, North Carolina.

1

2. That Plaintiff Dewayne Barber is employed as a Deputy Sheriff III with SCSO, has been employed with SCSO since 2008, and resides in Sampson County, North Carolina.

3. That Plaintiff Timothy L. Bass is employed as a Lieutenant with SCSO, has been employed with SCSO since 2010, and resides in Sampson County, North Carolina.

4. That Plaintiff Jessica Byrd is employed as a Sergeant with SCSO, has been employed with SCSO since 2007, and resides in Sampson County, North Carolina.

5. That Plaintiff Joseph Byrd is employed as a Sergeant with SCSO, has been employed with SCSO since 2012, and resides in Sampson County, North Carolina.

6. That Plaintiff Andy Cabrera was employed as a Deputy Sheriff with SCSO, was employed with SCSO from 2013 to October 1, 2021, and resides in Sampson County, North Carolina.

7. That Plaintiff Julian B. Carr was employed as a Captain with SCSO, was employed with SCSO from 1995 to January 31, 2021, and resides in Sampson County, North Carolina.

8. Plaintiff Donald Carter is employed as a Sergeant with SCSO, has been employed with SCSO since 2011, and resides in Sampson County, North Carolina.

9. Plaintiff Jerry Cashwell is employed as a Deputy Sheriff III with SCSO, has been employed with SCSO since 2009, and resides in Sampson County, North Carolina.

10. Plaintiff Joshua David was employed as a Master Deputy III, was employed with SCSO from 2015 to November 16, 2020, and resides in Sampson County, North Carolina.

11. That Plaintiff Alphus Fann is employed as a Narcotics Agent Investigator with SCSO, has been employed with SCSO since 2009, and resides in Sampson County, North Carolina.

12. That Plaintiff Josuph Frischmann is employed as a Captain with SCSO, has been employed with SCSO since 2010, and resides in Sampson County, North Carolina.

13. That Plaintiff Christopher W. Godwin is employed as a Lead Detective with SCSO, has been employed with SCSO since 2001, and resides in Sampson County, North Carolina.

14. That Plaintiff Crystal Gore is employed as a Lead Detective with SCSO, has been employed with SCSO since 2005, and resides in Bladen County, North Carolina.

15. That Plaintiff Christopher Hardison is employed as a Master Deputy II with SCSO, has been employed with SCSO since 2011, and resides in Sampson County, North Carolina.

16. That Plaintiff Doyle Grady is employed as a Captain with SCSO, has been employed with SCSO since 1996, and resides in Sampson County, North Carolina.

17. That Plaintiff Andrew High currently is employed as a Detective with SCSO has been employed with SCSO since 2010, and resides in Sampson County, North Carolina.

18. That Plaintiff Scott Hodges is employed as a Lieutenant with SCSO, has been employed with SCSO since 2003, and resides in Sampson County, North County.

19. That Plaintiff Dustin Irvin was employed as a Narcotics Investigator with SCSO, was employed with SCSO from 2009 until January 25, 2020, and resides in Henderson County, North Carolina.

20. That Plaintiff James A. Jones, II, is employed as a Sergeant with SCSO, has been employed with SCSO since 2003, and resides in Sampson County, North Carolina.

21. That Plaintiff Lori C. Marinelli is employed as a Deputy Sheriff III with SCSO, has been employed with SCSO since 2011, and resides in Duplin County, North Carolina.

22. That Plaintiff Jacob F. Matthews is employed as a Deputy Sheriff II with SCSO, has been employed with SCSO since 2015, and resides in Sampson County, North Carolina.

23. That Plaintiff Rhonda D. Medlin is employed as a Lieutenant with SCSO, has been employed with SCSO since 2000, and resides in Brunswick County, North Carolina.

24. That Plaintiff Kevin Perry is employed as a Lead Investigator with SCSO, has been employed with SCSO since 2005, and resides in Sampson County, North Carolina.

25. That Plaintiff Brandon R. Pope is employed as a Narcotics Agent with SCSO, has been employed with SCSO since 2011, and resides in Sampson County, North Carolina.

26. That Plaintiff Eric Pope is employed as a Captain with SCSO, has been employed with SCSO since 2004, and resides in Sampson County, North Carolina.

27. That Plaintiff Lynwood T. Pope is employed as a Detective with SCSO, has been employed with SCSO since 2012, and resides in Sampson County, North Carolina.

28. That Plaintiff William Quinn is employed as a First Sergeant with SCSO, has been employed with SCSO since 1997, and resides in Bladen County, North Carolina.

29. That Plaintiff Ronie T. Robinson, Jr., is employed as an Investigator with SCSO, has been employed with SCSO since 2007, and resides in Sampson County, North Carolina.

30. That Plaintiff Dillon Smith is employed as a Deputy Sheriff II with SCSO, has been employed with SCSO since 2012, and resides in Sampson County.

31. That Plaintiff Marcus Smith is employed as a Lieutenant with SCSO, has been employed with SCSO since 2005, and resides in Sampson County, North Carolina.

32. That Plaintiff Patrick A. Snell is employed as a Deputy Sheriff with SCSO, has been employed with SCSO since April 1, 2017, and resides in Sampson County, North Carolina.

33. That Plaintiff Robert Stroud is employed as a Captain with SCSO, has been employed with SCSO since 1996, and resides in Sampson County, North Carolina.

34. That Plaintiff Heathe Williams is employed as a Sergeant with SCSO, has been employed with SCSO since 2008, and resides in Onslow County.

35. That Defendant County of Sampson is a political subdivision of the State of North Carolina and resides in Sampson County, North Carolina.

## PART II: JURISDICTION AND VENUE

36. That Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

37. That Plaintiffs and Defendant have not initiated or participated in any litigation related to the causes of action listed here in this Complaint.

38. That pursuant N.C. Gen. Stat. §§ 1-77, 1-539.16, 7A-243, and 143-422.2, the Superior Court of Sampson County is the proper venue for this action because Defendant Sampson County is a unit of local government and it is thereby a resident of said county, and the cause of action arose against the County and its public officers in the performance of official duties in Sampson County.

39. That Plaintiffs have exhausted all administrative remedies within the grievance and appeals processes provided by the County of Sampson.

40. That this Court has proper subject matter and personal jurisdiction over this matter and the parties.

## PART III: STATEMENT OF IMMUNITIES

41. That Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

42. That Defendant has no immunity from the claims asserted in this Complaint.

43. That Sovereign immunity is not a proper defense in suits arising from constitutional law and federal questions. Peverall v. County of Alamance, 154 N.C. App. 426, 430, 573 S.E.2d 517, 520 (2002).

44. That Defendant has no governmental or sovereign immunity from prosecution in the instant matter where it has violated Article I, sec. 1 of the N.C. Constitution as the "fruits of their own labors" provision applies to the state and its political subdivisions regarding governmental actions affecting the remuneration of public employees.

45. That Defendant has no immunity from prosecution in the instant matter where it has waived governmental immunity by purchasing liability insurance that covers the matter or issue leading to the suit at law. Based on information and belief, Defendant has purchased liability insurance that covers the causes of action put forward in this Complaint.

## PART IV: STATEMENT OF FACTS

46. That Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

47. That during all times Plaintiffs have been employed with SCSO, Defendant has funded, allocated, and issued payment to Plaintiffs for their work as law enforcement officers and agents.

48. That pursuant to its Personnel Resolution ("Resolution") adopted on June 6, 2011, Defendant will comply with the Fair Labor Standards Act ("FLSA").

49. That pursuant to the Resolution, non-exempt employees will be paid by Defendant at a straight time rate for hours up to the FLSA established limit for their position and Plaintiffs are classified as non-exempt employees.

50. That pursuant to the Resolution, "employees in law enforcement job classes may earn overtime based on up to a 28-day period."

51. That the FLSA established limit for law enforcement officers is 171 hours during a

5

Case 7:22-cv-00043-FL   Document 1-1   Filed 03/17/22   Page 5 of 13

28-day work period.

52. That during all times Plaintiffs have been employed with SCSO, Defendant agreed to compensate Plaintiffs pursuant to the following terms:

    a. Plaintiffs would be compensated according to hours worked during a 28 day pay cycle.
    b. Plaintiffs would be compensated at their individual hourly rate up to 171 hours worked during the 28 day pay cycle.
    c. Any hours worked over 171 hours during a 28 day pay cycle would qualify as overtime and Plaintiffs would be paid or granted compensatory time at 1.5 times their hourly rate for their overtime work.
    d. At the end of each 28 day pay period, Plaintiffs would submit their timesheets to Defendant.
    e. Defendant would issue payment to Plaintiffs based upon the information properly reported in the submitted timesheets.

53. That at all times Plaintiffs have been employed with SCSO until approximately November of 2020, Defendant has not paid Plaintiffs for hours worked between 160 and 171 hours in a 28 day pay cycle.

54. That Defendant has altered Plaintiffs' timesheets by deleting hours recorded by Plaintiffs for work performed between 160 and 171 hours in a 28 day pay cycle.

55. That Defendant's failure to compensate Plaintiffs for hours worked during their employment with SCSO extends to time Plaintiffs have been required to work during meal breaks. Plaintiffs are allotted a one-hour meal break per shift. Given the unpredictable nature of law enforcement, however, Plaintiffs are often required to work through, in whole or in part, their allotted one-hour meal break. At all times Plaintiffs have been employed with SCSO, Defendant has deducted one hour per shift from Plaintiffs' entered time regardless of whether Plaintiffs actually worked during their meal break. In so doing, Defendant has failed to fully compensate Plaintiffs for hours worked as law enforcement officers and/or agents with SCSO.

56. That at all times Plaintiffs have been employed with SCSO, Plaintiffs who have worked in excess of 171 hours in a 28 day pay cycle have not been given an option as to whether they will receive compensation in time or pay at the overtime rate for those excess hours. Rather, Defendant has forced Plaintiffs to accept compensatory time in lieu of payment in cash for any overtime worked.

57. That Defendant's failure to pay Plaintiffs for hours worked in excess of 160 hours per 28 day pay period has been willful.

58. That at all times Plaintiffs have been employed with SCSO, Defendant has not paid Plaintiffs for hours Plaintiffs are required to be on call and report to duty if summoned by SCSO.

59. That Defendant has withheld compensation legally owed to Plaintiffs in an amount in excess of Twenty-Five Thousand dollars ($25,000).

## PART V: CLAIMS FOR RELIEF

### (FIRST CLAIM FOR RELIEF)

### VIOLATION OF FLSA

60. That Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

61. That at all relevant times to this Complaint, Defendant has been subject to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA") with respect to its compensation of Plaintiffs.

62. That the FLSA requires employees to be paid both a minimum wage and overtime pay. 29 U.S.C. § 206(a)(1); 29 U.S.C. § 207(a)(1).

63. That under the FLSA, overtime compensation is not properly paid to an employee unless all straight time compensation due to the employee for nonovertime hours under the contract has been paid.

64. That the FLSA requires as a condition for use of compensatory time in lieu of overtime payment in cash, that an agreement be reached between an employer and employee prior to the performance of the work.

65. That Plaintiffs, as law enforcement officers and/or agents with SCSO, have worked in excess of 171 hours in at least one 28 day pay cycle in each year since being employed with SCSO.

66. That for each time Plaintiffs, as law enforcement officers and/or agents with SCSO, have worked in excess of 171 hours per 28 day pay cycle, Defendant has not paid Plaintiffs for hours worked between 160 and 171 hours until approximately November of 2020.

67. That Defendant's failure to pay Plaintiffs for hours worked between 160 and 171 hours per 28 day pay cycle violated the respective agreements between Defendant and Plaintiffs.

68. That Defendant's failure to pay Plaintiffs for hours worked between 160 and 171 hours when Plaintiffs worked in excess of 171 hours per 28 day pay cycle violated the FLSA.

69. That Defendant's use of compensatory time in lieu of overtime payment in cash without an agreement with Plaintiffs to do so constituted a violation of the FLSA.

70. That Defendant's FLSA violations have damaged Plaintiffs in an amount in excess of Twenty-Five Thousand dollars ($25,000).

### (SECOND CLAIM FOR RELIEF)

### ARTICLE 1, SEC. 1 OF THE N.C. CONSTITUTION

### VIOLATION OF FRUITS OF LABOR CLAUSE

71. That Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

72. That the civil rights guaranteed by the Declaration of Rights in Article I of the North Carolina Constitution are individual and personal rights entitled to protection against state action.

73. That the Declaration of Rights was passed by the Constitutional Convention on December 17, 1776, the day before the Constitution itself was adopted, manifesting the primacy of the Declaration in the minds of the framers. The fundamental purpose for its adoption was to provide citizens with protection from the State's encroachment upon these rights.

74. That the very purpose of the Declaration of Rights is to ensure that the violation of these rights is never permitted by anyone who might be invested under the Constitution with the powers of the State, such as the County of Sampson.

75. That the North Carolina Constitution is more detailed and specific than the federal Constitution in the protection of its citizen's rights.

76. That the Courts have recognized a direct action under the State Constitution against state officials for violation of rights guaranteed by the Declaration of Rights when no other state law remedy is available.

77. That to the extent Plaintiffs have no other state law remedies under which they can proceed other than the provisions of the North Carolina Constitution, Plaintiffs have a direct action under the State Constitution for violation of rights guaranteed by the Declaration of Rights.

78. That Defendant has a Constitutional duty to protect Plaintiffs' right to enjoy the fruits of their labor.

79. That Defendant's failure to compensate Plaintiffs for their labor while employed as law enforcement officers and/or agents with SCSO constituted a violation of Plaintiffs' rights under the North Carolina Constitution.

80. That Defendant's foregoing actions have reduced Plaintiffs' retirement benefits afforded under N.C. Gen. Stat. § 128-21 et. seq. and reduced Plaintiffs' social security benefits afforded under 42 USCS § 401 et. seq., thereby depriving Plaintiffs of the enjoyment of the fruits of their labor and violating Plaintiffs' rights under the North Carolina Constitution.

81. That Defendant's violations of Plaintiffs' rights secured under Art. 1, Sec. 1 of the North Carolina Constitution have damaged Plaintiffs in an amount in excess of Twenty-Five Thousand dollars ($25,000).

## PART VI: PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray the Court for relief as follows:

1. That Plaintiffs be given a trial by jury on all matters that may be tried before a jury.

2. That Defendant be ordered to pay compensatory damages to Plaintiffs in an amount that exceeds $25,000 for lost wages, attorney's fees, and other reasonable costs associated with prosecution of this matter.

3. That an order be issued awarding Plaintiffs all interest, costs, reasonable attorneys' fees, and litigation expenses as provided for under N.C. Gen. Stat. § 6-18.

4. And for such further relief as the Court deems just and proper.

Respectfully submitted, this the 8th day of February, 2022.

| | |
|---|---|
| **GROSS LAW OFFICES** | **BAILEY & DIXON, LLP** |
| _/s/ Mikael R. Gross_ | _/s/ Philip A. Collins_ |
| Mikael R. Gross, NC State Bar #32701 | Philip A. Collins, NC State Bar #29153 |
| Attorney for Plaintiffs | Attorneys for Plaintiffs |
| 11510 Auldbury Way | Post Office Box 1351 |
| Raleigh, NC 27617-7848 | Raleigh, North Carolina 27602-1351 |
| p. (919) 791-5887 | Telephone: (919) 828-0731 |
| f. (984) 439-2252 | Facsimile: (919) 828-6592 |
| grosslawoffces@gmail.com | E-mail: pcollins@bdixon.com |

| STATE OF NORTH CAROLINA | | File No. 22 CVS 106 |
|---|---|---|
| SAMPSON County | FILED | In The General Court Of Justice ☐ District ☒ Superior Court Division |

**Name And Address Of Plaintiff 1**
JOSHUA D. AKERS, DEWAYNE BARBER et. al.
c/o Bailey & Dixon, LLP
P.O. Box 1351
Raleigh NC 27602

2022 FEB -9 P 12:40

SAMPSON CO., C.S.C.
BY \_\_\_\_ LO

**Name And Address Of Plaintiff 2**

## GENERAL CIVIL ACTION COVER SHEET
☒ INITIAL FILING    ☐ SUBSEQUENT FILING

Rule 5(b), General Rules of Practice For Superior and District Courts

**Name And Address Of Attorney Or Party, If Not Represented** (complete for initial appearance or change of address)
Philip A. Collins
Bailey & Dixon, LLP
P.O. Box 1351
Raleigh                              NC    27602

**VERSUS**

**Name Of Defendant 1**
COUNTY OF SAMPSON

| Telephone No. 919-828-0731 | Cellular Telephone No. |
|---|---|
| NC Attorney Bar No. 29153 | Attorney E-Mail Address pcollins@bdixon.com |

**Summons Submitted** ☒ Yes ☐ No

☒ Initial Appearance in Case    ☐ Change of Address

**Name Of Defendant 2**

**Name Of Firm** Bailey & Dixon, LLP
**FAX No.** 919-828-6592
**Counsel for**
☒ All Plaintiffs   ☐ All Defendants   ☐ Only (list party(ies) represented)

**Summons Submitted** ☐ Yes ☐ No

☐ Jury Demanded In Pleading
☐ Complex Litigation

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

### TYPE OF PLEADING

(check all that apply)
- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) *(see Note)*
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNJF)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) *Assess Court Costs*
- ☐ Crossclaim *(list on back)* (CRSS) *Assess Court Costs*
- ☐ Dismiss (DISM) *Assess Court Costs*
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

(check all that apply)
- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other *(specify and list each separately)*

**NOTE:** All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

AOC-CV-751, Rev. 1/14
© 2014 Administrative Office of the Courts                                (Over)

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA)<br>☐ Appointment Of Receiver (APRC)<br>☐ Attachment/Garnishment (ATTC)<br>☐ Claim And Delivery (CLMD)<br>☐ Collection On Account (ACCT)<br>☐ Condemnation (CNDM)<br>☐ Contract (CNTR)<br>☐ Discovery Scheduling Order (DSCH)<br>☐ Injunction (INJU) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP)<br>☐ Medical Malpractice (MDML)<br>☐ Minor Settlement (MSTL)<br>☐ Money Owed (MNYO)<br>☐ Negligence - Motor Vehicle (MVNG)<br>☐ Negligence - Other (NEGO)<br>☐ Motor Vehicle Lien G.S. 44A (MVLN)<br>☐ Possession Of Personal Property (POPP) | ☐ Product Liability (PROD)<br>☐ Real Property (RLPR)<br>☐ Specific Performance (SPPR)<br>☒ Other *(specify and list each separately)*<br>Violation of FLSA<br>Violation of Fruits of Labor Clause |

| Date | Signature Of Attorney/Party |
|---|---|
| 02/08/2022 | *[signature]* |

### FEES IN G.S. 7A-308 APPLY
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

### PRO HAC VICE FEES APPLY
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)   ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 1/14
© 2014 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | | File No. 22 CVS 106 |
|---|---|---|
| SAMPSON County | FILED | In The General Court Of Justice ☐ District ☒ Superior Court Division |

**Name Of Plaintiff**
JOSHUA D. AKERS, DEWAYNE BARBER et. al.

2022 FEB -9 P 12:40

**Address**
c/o BAILEY & DIXON, LLP, P.O. Box 1351

SAMPSON CO., C.S.C.

**CIVIL SUMMONS**
**ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

**City, State, Zip**
Raleigh    NC    27602

G.S. 1A-1, Rules 3 and 4

**VERSUS**

**Name Of Defendant(s)**
COUNTY OF SAMPSON

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 1 |
|---|---|
| County of Sampson<br>Attn: Susan J. Holder, Clerk to the Board of Commissioners<br>406 County Complex Road<br>Clinton    NC    28328 | |

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Philip A. Collins<br>Bailey & Dixon, LLP<br>P.O. Box 1351<br>Raleigh    NC    27602 | 2-9-22 | 12:40  ☐ AM ☒ PM |

**Signature** Kristen Davis
☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | ☐ AM ☐ PM |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

Case 7:22-cv-00043-FL   Document 1-1   Filed 03/17/22   Page 12 of 13

**RETURN OF SERVICE**

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☒ Other manner of service *(specify)*
Certified Mail Return Receipt Requested; FedEx Adult Signature Required

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☒ Other manner of service *(specify)*
Certified Mail Return Receipt Requested; FedEx Adult Signature Required

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts